United States Courts
Southern District of Texas
FILED 57
March 19, 2024
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**McALLEN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. M-23-1581-S2** |
| | § | |
| **ALVARO NAVARRO-DIAZ** | § | |
| **also known as "Pantera"** | § | |
| **JORGE ALBERTO GALINDO-VARGAS** | § | |
| **SANDRA GUADALUPE ESTRELLA-SALGADO** | § | |
| **CARLOS JOEL VAZQUEZ-SANCHEZ** | § | |
| **also known as "Chaparro"** | § | |
| **CINDY REYES** | § | |
| **SEBASTIAN MALDONADO** | § | |
| **FRANCISCO FABIAN MALDONADO** | § | |
| [redacted] | § | |
| **LUIS OMAR VARGAS-CARDOZA** | § | |
| [redacted] | § | |
| **MAURICIO ESTEBAN MENDEZ-RODRIGUEZ** | § | |
| **also known as "Pely"** | § | |
| [redacted] | § | |
| **ROBERTO HERNANDEZ** | § | |
| [redacted] | | |

**SEALED SECOND SUPERSEDING INDICTMENT**

**THE GRAND JURY CHARGES:**

**Count One**

From on or about June 20, 2022 through on or about January 4, 2024, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**ALVARO NAVARRO-DIAZ**
**also known as "Pantera"**
**JORGE ALBERTO GALINDO-VARGAS**
**CARLOS JOEL VAZQUEZ-SANCHEZ**
**also known as "Chaparro"**
[redacted]
**LUIS OMAR VARGAS-CARDOZA**
[redacted]
[redacted]
**MAURICIO ESTEBAN MENDEZ-RODRIGUEZ**
**also known as "Pely"**
[redacted]
[redacted]
[redacted]
[redacted]
[redacted]
[redacted]
[redacted]
[redacted]
[redacted]
[redacted]

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jurors, to possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A).

**Count Two**

On or about November 1, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**ALVARO NAVARRO-DIAZ**
**also known as "Pantera"**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 43 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

**Count Three**

On or about November 1, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**JORGE ALBERTO GALINDO-VARGAS**
**and**
**LUIS OMAR VARGAS-CARDOZA**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 12 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A).

**Count Four**

On or about November 1, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

[redacted]

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 10 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A).

**Count Five**

On or about November 1, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**SANDRA GUADALUPE ESTRELLA-SALGADO**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 500 grams or more, that is, approximately 800 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B).

**Count Six**

On or about April 19, 2023 through on or about January 5, 2024, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**CARLOS JOEL VAZQUEZ-SANCHEZ**
**also known as "Chaparro"**
**CINDY REYES**
**SEBASTIAN MALDONADO**
**FRANCISCO FABIAN MALDONADO**
[redacted]

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jurors, to conspire to purchase any firearm in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of any other person, knowing or having reasonable cause to believe that such other person intends to use, carry, possess, sell or otherwise dispose of the firearm in furtherance of a felony, namely violations of Title 18 United States Code Section 554 and 922(g)(5)(A).

In violation of Title 18, United States Code, Sections 932(b)(2).

**Count Seven**

On or about June 30, 2023 through on or about November 1, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**CARLOS JOEL VAZQUEZ-SANCHEZ**
**also known as "Chaparro"**

did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jurors, to conspire to receive from another person any firearm in or otherwise affecting interstate or foreign commerce, knowing that the recipient knows or has reasonable cause to believe that such receipt would constitute a felony.

In violation of Title 18, United States Code, Sections 933(a)(3).

**Count Eight**

From on or about June 30, 2023 through on or about July 14, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**CINDY REYES**
**and**
**SEBASTIAN MALDONADO**

did fraudulently and knowingly receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of any merchandise, article, or object, to wit: multiple firearms including, a Beretta, Model 92, 9mm handgun; and a Beretta, Model 92X, 9mm handgun, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, namely, without a license or written approval from the United States Department of Commerce, as required by Title 50, United States Code, Sections 4819 and Title 15, Code of Federal Regulations, Sections 730-774.

In violation of Title 18, United States Code, Sections 554(a) and 2.

**Count Nine**

From on or about September 14, 2023 through on or about September 24, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**CARLOS JOEL VAZQUEZ-SANCHEZ**
**also known as "Chaparro"**
**CINDY REYES**
**SEBASTIAN MALDONADO**
**FRANCISCO FABIAN MALDONADO**

did fraudulently and knowingly receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of any merchandise, article, or object, to wit: multiple firearms including, at least a Beretta, Model 92, 9mm handgun; and a Beretta, Model 92FS-22 Threaded, 22LR pistol, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, namely, without a license or written approval from the United States Department of Commerce, as required by Title 50, United States Code, Sections 4819 and Title 15, Code of Federal Regulations, Sections 730-774.

In violation of Title 18, United States Code, Sections 554(a) and 2.

**Count Ten**

On or about September 16, 2023, in the Southern District of Texas and within the jurisdiction of the Court, Defendants,

**and**
**ROBERTO HERNANDEZ**

in connection with the acquisition of a Beretta, Model 92FS, 9mm caliber pistol from Collectors Firearms, Inc. in Houston, Texas, a federally licensed firearms dealer, knowingly made and aided and abetted the making of a false and fictitious written statement to the licensed firearms dealer, which statement was intended and likely to deceive the dealer, as to a fact material to the lawfulness of the acquisition of the firearm under Chapter 44 of Title 18, in that ROBERTO HERNANDEZ represented that ROBERTO HERNANDEZ was the actual transferee or buyer of the firearm on the ATF Form 4473, when in truth and in fact he was not.

In violation of Title 18, United States Code, Section 922(a)(6), 924(a)(2), and 2.

**Count Eleven**

From on or about September 30, 2023 through on or about November 1, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**CARLOS JOEL VAZQUEZ-SANCHEZ**
**also known as "Chaparro"**
**SEBASTIAN MALDONADO**
**FRANCISCO FABIAN MALDONADO**

did fraudulently and knowingly receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of any merchandise, article, or object, to wit: multiple firearms including, a Romarm/Cugir, Model WASR-10UF 7.62x39mm caliber rifle, a Zastava, Model Z-PAP M70, 7.62x39mm caliber rifle, a Norinco, Model MAK90, 7.62x39mm caliber rifle, and a Remington Arms, Model 870, 12 gauge shotgun, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, namely, without a license or written approval from the United States Department of Commerce, as required by Title 50, United States Code, Sections 4819 and Title 15, Code of Federal Regulations, Sections 730-774.

In violation of Title 18, United States Code, Sections 554(a) and 2.

**Count Twelve**

From on or about October 31, 2023 through on or about November 1, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**CARLOS JOEL VAZQUEZ-SANCHEZ**

knowingly being an alien who was illegally and unlawfully in the United States, did knowingly possess in and affecting interstate and foreign commerce a firearm, namely a Romarm/Cugir, Model WASR-10UF 7.62x39mm caliber rifle, a Zastava, Model Z-PAP M70, 7.62x39mm caliber rifle, a Norinco, Model MAK90, 7.62x39mm caliber rifle, and a Remington Arms, Model 870, 12 gauge shotgun.

In violation of Title 18, United States Code, Sections 922(g)(5)(A), 924(a)(8) and 2.

**Count Thirteen**

On or about September 30, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

knowingly made a false statement and representation to Norman Armory, a federally licensed firearm dealer operating in Pasadena, Texas, intended or likely to deceive said federal firearms dealer with respect to any fact material to the lawfulness of the sale or disposition of a firearm, namely a Zastava Arms, Model Z-PAP M70, 7.62x39mm caliber rifle, to be acquired from said federal firearms dealer, in that the Defendant did execute a Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, representing on the Form 4473 that he was the actual transferee/buyer of the firearm when in truth and fact he was not the actual transferee/buyer of the firearm.

In violation of Title 18, United States Code, Section 922(a)(6) and 924(a)(2).

**Count Fourteen**

On or about September 30, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

[REDACTED]

knowingly made a false statement and representation to Norman Armory, a federally licensed firearm dealer operating in Pasadena, Texas, intended or likely to deceive said federal firearms dealer with respect to any fact material to the lawfulness of the sale or disposition of a firearm, namely a Romarm/Cugir, Model WASR-10, 7.62x39mm caliber rifle, to be acquired from said federal firearms dealer, in that the Defendant did execute a Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, representing on the Form 4473 that he was the actual transferee/buyer of the firearm when in truth and fact he was not the actual transferee/buyer of the firearm.

In violation of Title 18, United States Code, Section 922(a)(6) and 924(a)(2).

**Count Fifteen**

On or about September 30, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

[REDACTED]

knowingly made a false statement and representation to Norman Armory, a federally licensed firearm dealer operating in Pasadena, Texas, with respect to information required to be kept in the records of said federally licensed firearms dealer, in that the Defendant did execute a Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, in connection with the acquisition of a Romarm/Cugir, Model WASR-10, 7.62x39mm caliber rifle, caliber pistol by representing on the Form 4473 that his residence and address was at specified address in Baytown, Texas, when in truth and fact it was not his actual residence or address.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**Count Sixteen**

On or about November 1, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**JORGE ALBERTO GALINDO-VARGAS**

knowingly being an alien who was illegally and unlawfully in the United States, did knowingly possess in and affecting interstate and foreign commerce a firearm, namely a Keltec, Model PMP .22 caliber pistol; a Colt, Model Commander, .45 caliber pistol; two Colt, Model Commander, 9mm caliber pistols; a Colt, Model MKY series, .380 caliber pistol; a desert eagle 1911 pistol; a Marlin, Model 60, .22 caliber rifle; a Mossberg, Model 88, 12 gauge shotgun; and a Harrington and Richardson .410 shotgun.

In violation of Title 18, United States Code, Sections 922(g)(5)(A), 924(a)(8) and 2.

**Count Seventeen**

On or about November 1, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**CARLOS JOEL VAZQUEZ-SANCHEZ**

with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, knowingly concealed more than $10,000.00 in United States currency, specifically approximately $220,000.00 in United States dollars, on his person, in any conveyance, article of luggage, merchandise, and other container, and transported and attempted to transport that currency from a place within the United States, that is, from San Juan, Texas, to a place outside of the United States, that is, the United Mexican States.

In violation of Title 31, United States Code, Sections 5332(a) and 5332(b)(1) and Title 18, United States Code, Section 2.

**Count Eighteen**

On or about January 4, 2024, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**MAURICIO ESTEBAN MENDEZ-RODRIGUEZ**
**also known as "Pely"**

with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, knowingly concealed more than $10,000.00 in United States currency, specifically approximately $101,098.00 in United States dollars, on his person, in any conveyance, article of luggage, merchandise, and other container, and transported and attempted to transport that currency from a place within the United States, that is, from Weslaco, Texas, to a place outside of the United States, that is, the United Mexican States.

In violation of Title 31, United States Code, Sections 5332(a) and 5332(b)(1) and Title 18, United States Code, Section 2.

**Count Nineteen**

On or about February 6, 2024, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

with the intent to evade a currency reporting requirement under Title 31, United States Code, Section 5316, knowingly concealed more than $10,000.00 in United States currency, specifically approximately $220,016.00 in United States dollars, on his person, in any conveyance, article of luggage, merchandise, and other container, and transported and attempted to transport that currency from a place within the United States, that is, from Kleberg County, Texas, to a place outside of the United States, that is, the United Mexican States.

In violation of Title 31, United States Code, Sections 5332(a) and 5332(b)(1) and Title 18, United States Code, Section 2.

**Count Twenty**

On or about November 1, 2023, in the Southern District of Texas and within the jurisdiction of the Court, defendant,

**JORGE ALBERTO GALINDO-VARGAS**

an alien who had previously been denied admission, excluded, deported and removed knowingly and unlawfully entered, attempted to enter and was at any time found in the United States, to wit, near Mission, Texas, said defendant not having obtained the consent to reapply for admission into the United States from the Attorney General of the United States and Secretary of Homeland Security, the successor, pursuant to Title 6, United States Code, Sections 202(3), 202(4), and 557.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b).

**NOTICE OF FORFEITURE**
**18 U.S.C. § 924(d)(1); 21 U.S.C. § 853(a); 28 U.S.C. § 2461(c)**

Pursuant to Title 18, United States Code, Section 952 and Title 28, United States Code, Section 2461(c), the United States gives notice to defendants charged in this Second Superseding Indictment, that in the event of conviction for an offense charged in Counts 1 through 5 of this Second Superseding Indictment, the United States intends to seek forfeiture of (1) all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation; and (2) all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation.

The United States further gives notice to defendants charged in this Second Superseding Indictment pursuant to Title 18 United States Code, Section 924(d)(1) that in the event of conviction for an offense charged in Counts 6 through 16 of this Second Superseding Indictment, that any firearm or ammunition involved in or used in any knowing violation, including those firearms referenced in such counts, of said offenses shall be subject to forfeiture.

The United States further gives notice to defendants charged in counts 17 through 19 of this Second Superseding Indictment that pursuant to Title 31 United States Code, Section 5332(b) that in the event of conviction for said offense, that any property, real or personal, involved in the offense, and any property traceable to such property shall be subject to forfeiture, including but not limited to the amount of United States Currency reflected in said count.

**Money Judgment**

Defendants are notified that upon conviction, a monetary judgment may be imposed equal to the total value of the property subject to forfeiture.

**Substitute Assets**

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c).

FOREPERSON

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

ASSISTANT UNITED STATES ATTORNEY

57

**U.S. Department of Justice**
Washington, D.C.
3/12/2024/mm

**Criminal Docket**

M-23-1923-M, M-23-1925-M, M-23-1926-M

McALLEN Division

CR. No. M-23-1581-S2

**SEALED INDICTMENT** Filed: November 14, 2023
**SEALED SUPERSEDING INDICTMENT** Filed: December 12, 2023
**SEALED SECOND SUPERSEDING INDICTMENT** Filed: March 19, 2024 Judge: RANDY CRANE

County: Hidalgo

Lions #: **2023R06941**

Attorneys:

UNITED STATES OF AMERICA — ALAMDAR S. HAMDANI, UNITED STATES ATTORNEY

v. — ROBERT LOPEZ, JR., ASST. U.S. ATTORNEY

| Defendant | Counts | Attorney |
|---|---|---|
| ALVARO NAVARRO-DIAZ *also known as "Pantera"* *Custody:11/1/2023* | Cts. 1&2 | Alya Vasquez, Apt'd, 956-348-2715 |
| JORGE ALBERTO GALINDO-VARGAS *Custody:11/1/2023* | Cts. 1,3,16&20 | John Adam Pope, Ret'd, 956-488-1896 |
| SANDRA GUADALUPE ESTRELLA-SALGADO *Custody:11/1/2023* | Ct. 5 | Rolando Garza, Apt'd, 956-318-1102 |
| CARLOS JOEL VAZQUEZ-SANCHEZ *also known as "Chaparro"* *Custody:11/2/2023* | Cts. 1, 6,7,9,11,12,17 | Samuel Reyes, Ret'd, 956-600-7868 |
| CINDY REYES *Custody:11/15/2023* | Cts. 6, 8-9 | Roel Esquivel, Apt'd, 956-289-1414 |
| SEBASTIAN MALDONADO *Custody:11/14/2023* | Cts. 6,8-9,11 | Juan E. Gonzalez, Apt'd, 956-447-5585 |
| FRANCISCO FABIAN MALDONADO *PR Bond:11/17/2023* | Cts. 6,9,11 | Lilly Ann Gutierrez, Apt'd, 956-994-0987 |
| [redacted] | [redacted] | |
| LUIS OMAR VARGAS-CARDOZA *Custody:1/18/2024* | Cts. 1&3 | Roberto Daniel Puente, Apt'd, 956-502-5258 |
| [redacted] | [redacted] | |
| MAURICIO ESTEBAN MENDEZ-RODRIGUEZ *also known as "Pely"* *Custody:1/4/2024* | Cts. 1&18 | Alejandro Ballesteros, Ret'd, 956-800-4418 |
| [redacted] | [redacted] | |
| ROBERTO HERNANDEZ *Custody:1/4/2024* | Ct. 10 | |
| [redacted] | [redacted] | |
| [redacted] | [redacted] | |
| [redacted] | [redacted] | |



Charge(s): Ct. 1: Conspiracy to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine.
Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

Ct. 2-4: Possession with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine.
Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A).

Ct. 5: Possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine.
Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B).

Ct. 6: Conspiracy to Commit Straw Purchasing of Firearms.
Title 18, United States Code, 932(b)(2).

Ct. 7: Conspiracy to Commit Firearms trafficking.
Title 18, United States Code, 933(a)(3).

Ct. 8, 9, 11: Smuggling Goods From the United States.
Title 18, United States Code, 554(a) and 2.

Ct. 10, 13-14: Material False Statements in Connection with the Acquisition of a Firearm
Title 18, United States Code, 922(a)(6).

Ct. 12, 16: A prohibited person illegally or unlawfully possessing a firearm in and affecting interstate and foreign commerce.
Title 18, United States Code, Sections 922(g)(5)(A), 924(a)(8), and 2.

Ct. 15: False Statements in Connection with the Acquisition of a Firearm
Title 18, United States Code, 924(a)(1)(A).

Ct. 17-19: Bulk Cash Smuggling.
Title 31, United States Code, 5332(a) and 5332(b)(1) and Title 18, United States Code, 2.

Ct. 20: Illegal Re-entry
Title 8, United States Code, Sections 1326(a) and 1326(b)

Total Counts **(20)**

Penalty: Cts. 1-4: Imprisonment for 10 yrs. to life and/or a fine not to exceed $10,000,000.00 and at least 5 yr. SRT (as to each count)(MANDATORY MINIMUM)

Ct. 5: Imprisonment for 5 to 40 yrs. and/or a fine not to exceed $5,000,000.00 and at least 4 yr. SRT (MANDATORY MINIMUM)

Cts. 6-7: Imprisonment for not more than 25 yrs. and/or a fine not to exceed $250,000 and not more than a 4 yr. SRT(as to each count)

Cts. 8-11 & 13-14: Imprisonment for not more than 10 yrs. and/or a fine not to exceed $250,000.00 and not more than a 3 yr. SRT(as to each count)

Cts. 12&16: Imprisonment for not more than 15 yrs. and/or a fine not to exceed $250,000.00 and not more than a 3 yr. SRT(as to each count)

Cts. 15, 17-19: Imprisonment for not more than 5 years and/or a fine not to exceed $250,000 and not more than a 3 yr. SRT

Ct. 20:   Imprisonment for not more than 20 yrs. and/or a fine not to exceed $250,000 and not more than a 3 yr. SRT

Agency:   Homeland Security Investigations – Nicholas Stott – MC02VR23MC0002
Texas Department of Public Safety – James T. Wallen – 2023I-CID3-50115768
Bureau of Alcohol, Tobacco Firearms & Explosives – Brenda Leal – 782115-23-0046
Drug Enforcement Administration – Joshua Garza – M5-24-0008

Proceedings

Date